NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1237

BAYSTONE REVERE LLC

vs.

MARIAN OMIDIJI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Marian Omidiji, a self-represented litigant, appeals from an Eastern Housing Court judge's order denying the defendant's "Motion to Withdraw Agreement for Judgment and Dismiss the case" pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974) (rule 60 [b]).  The defendant principally contends that (1) the judge abused her discretion in denying the defendant's motion, and (2) defects in the notice to quit rendered the agreement for judgment void.  We affirm.

Background.  On December 6, 2024, the plaintiff, Baystone Revere LLC, sent the defendant a notice to quit for nonpayment of rent.  The plaintiff filed a summary process complaint on January 10, 2025.  On March 7, 2025, the parties participated in

mediation with a housing specialist but did not reach an agreement to settle. The defendant did not appear at the March 24, 2025 trial and, on March 26, 2025, a judge entered a default judgment against the defendant. On April 28, after a hearing, a judge allowed the defendant's motion to vacate the default judgment and scheduled a trial for May 12, 2025.

On May 12, 2025, the plaintiff and the defendant participated in mediation with a housing specialist, the parties signed an agreement for judgment, and the case was reported settled to the trial judge. The next day, the defendant filed a rule 60 (b) "Motion to Withdraw Agreement for Judgment and Dismiss the case," contending that the plaintiff's notice to quit was defective, she did not understand her rights, and that the plaintiff's signing of the settlement agreement was neither knowing nor voluntary. On May 14, 2025, the trial judge approved the agreement for judgment. On June 2, 2025, the judge who previously had allowed the defendant's motion to vacate the March 26, 2025 default judgment held a hearing on the defendant's rule 60 (b) motion to withdraw the agreement and dismiss the case. At the conclusion of the hearing, the judge denied the motion. On June 3, 2025, the judge's order denying the motion entered on the docket.

2

On June 11, 2025, the defendant filed a notice of appeal "from Judgment dated 06/02/2025." On July 18, 2025, the same judge who heard the motion to withdraw the agreement "denied" the notice of appeal as untimely from the May 14, 2025 judgment and directed the defendant to file a notice of appeal from the postjudgment order. However, a single justice of this court ruled that the June 11, 2025 notice of appeal was a timely appeal from the June 2, 2025 postjudgment order, and directed the Housing Court to assemble the record for this appeal.

Discussion. 1. The motion judge's order. "We review the denial of a motion under Mass. R. Civ. P. 60 (b) for abuse of discretion." Matter of M.C., 481 Mass. 336, 344 (2019). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a 'clear error of judgment in weighing' the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). "We accord the credibility determinations of the judge who heard the testimony of the parties . . . [and] observed their demeanor . . . the utmost deference" (quotation and citation omitted). Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020).

3

The defendant advances several arguments to challenge the judge's order denying her rule 60 (b) motion, none of which rise to the level of appellate argument.[1]  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019). Nevertheless, to the extent that the defendant contends that the judge's denial of the rule 60 (b) motion was an abuse of discretion, we disagree.  See Matter of M.C., 481 Mass. at 344.

The judge's order denying the defendant's "Motion to Withdraw Agreement for Judgment and Dismiss the case" states, in full:  "DENIED.  This Court does not find any merit to the defendant's claim that she 'did not understand the terms of the Agreement for Judgment.'"[2]  During the motion hearing, the judge repeatedly stated that she did not believe the defendant's claim

---

[1] Namely, the defendant contends:  (1) that the judge erroneously believed that she could not rule on the merits of the rule 60 (b) motion (though the judge, in fact did so); (2) that the judge arbitrarily considered the defendant's "sophistication" when stating why she did not credit the defendant; (3) that the mediation scheduled on the same day as the bench trial was a "surprise" meriting relief pursuant to rule 60 (b); and (4) that the motion judge's conduct and dismissal of her notice of appeal showed bias and contempt.  To the extent that the defendant supports these arguments with case law, the defendant cites Federal law that is irrelevant to the issues on appeal.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

[2] The defendant's assertion that the judge erroneously believed that she could not rule on the merits of the motion is belied by the fact that the judge explicitly denied the motion on the merits.

4

that the defendant did not understand she had signed an agreement for judgment. The judge supported this credibility determination with her knowledge of the advisements that housing specialists provide to parties prior to mediation, the advisements on the consent to mediation form that the defendant signed,[3] and the fact that the defendant's motion demonstrated a degree of sophistication. The judge was well supported in not crediting the defendant's claim that she did not understand the terms of the agreement for judgment. See Noelle N., 97 Mass. App. Ct. at 664. We therefore discern no abuse of discretion in the judge's denial of the defendant's rule 60 (b) motion. See Matter of M.C., 481 Mass. at 344.

2. Notice to quit. We also disagree with the defendant's contention that the notice to quit was defective such that it rendered the Agreement for Judgment "void ab initio." To be sure, the notice to quit that the plaintiff sent to the defendant did omit required information on rental assistance programs, applicable trial court rules, and relevant Federal or State restrictions on residential evictions. See G. L. c. 186,

---

[3] The judge explicitly noted that the consent to mediation form that the defendant signed states that "[m]ediation is a voluntary and confidential process," and "[t]he parties understand that they have a right to be heard and [the case] decided by a judge if any party does not want to meet with a housing specialist, any party wants to end mediation once it begins, or the parties do not settle."

5

§ 31.  However, "[t]o be void, a judgment must issue from a court that 'lacked jurisdiction over the parties, lacked jurisdiction over the subject matter, or failed to provide due process of law'" (citation omitted).  McIntire, petitioner, 458 Mass. 257, 264 (2010), cert. denied, 563 U.S. 1012 (2011).  The notice to quit did not cause the court to lack jurisdiction because "the issue whether a notice to quit is legally adequate is not jurisdictional."  See Cambridge St. Realty, LLC v. Stewart, 481 Mass. 121, 128 (2018).  We are also satisfied that any omissions from the notice to quit did not deny the defendant due process of law.  See McIntire, petitioner, supra.  The motion judge held a hearing on the defendant's motion and had previously allowed the defendant's motion to vacate the March 26, 2025 default judgment.  See Spenlinhauer v. Spencer Press, Inc., 81 Mass. App. Ct. 56, 65 (2011) ("Due process fundamentally requires notice and the opportunity to be heard at a meaningful time and in a meaningful manner" [quotations and citation omitted]).  As a result, any defects in the notice to quit did not deny the defendant due process, the judgment is not void, and the judge did not err or abuse her discretion in

denying the rule 60 (b) motion on that basis.  See Matter of M.C., 481 Mass. at 344.

Order dated June 2, 2025, denying motion to withdraw agreement for judgment and to dismiss case, affirmed.

By the Court (Rubin, Desmond & Allen, JJ.[4]),

Clerk

Entered:  June 9, 2026.

---

[4] The panelists are listed in order of seniority.

7